MELVIN, WOODROW M., Sd., Associate Judge.
E. H. Darby, d/b/a Darby Aviation Company, plaintiff in the trial court, delivered a Lockheed 18 aircraft to Miami Aviation Corporation, co-defendant in the trial court, for desealing and sealing of the four main center section wing fuel tanks. Miami Aviation Corporation was also to make an annual inspection of the entire aircraft while it was down. The wing tanks were desealed and sealed, the plane inspected, and it was returned to E. H. Darby. During the warranty period the wing tanks stated to leak. An inspection thereof showed that Miami Aviation Corporation failed to remove excess fuel tank stripper residue used in the desealing process, and that this residue caused corrosion in the wings necessitating extensive repairs. E. H. Darby brought the instant suit, seeking damages for repairs to the tanks and wings and for loss of use, and ultimate diminishment of value of the aircraft. Federal Insurance Company, who had issued a comprehensive liability and products liability policy to Miami Aviation Company, was joined as a co-defendant. Federal Insurance Company moved for a summary judgment, alleging that as a matter of law no coverage was afforded in the instant case as the entire aircraft constituted the work product of its insured, Miami Aviation Corporation, which is specifically excluded from coverage by exclusionary clauses and which read as follows :
“(k) to bodily injury or property damage resulting from the failure of the named insured’s products or work completed by or for the named insured to perform the function or serve the purpose intended by the named insured, if such failure is due to a mistake or deficiency in any design, formula, plan, specifications, advertising material or printed instructions, prepared or developed by any insured; but this exclusion does not apply to bodily injury or property dam *563 age resulting from the active malfunctioning of such products or work;
“(m) to property damage to work performed by or on behalf of the name insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith.”
The trial court found, based on the undisputed record, that the desealing and sealing of the tanks coupled with the annual inspection rendered the entire aircraft the work product of Miami Aviation Corporation. Based on that finding, the trial court held, as a matter of law, that exclusionary clauses “k” and “m” precluded coverage herein and entered a summary judgment in favor of Federal Insurance Company. This determination was erroneous.
There is no question that the aforementioned exclusions are unambiguous and constitute a valid work product exclusionary clause. However, it is necessary to determine whether or not said exclusions are applicable under the undisputed facts of the case sub judice.
Those facts clearly show that the primary intent of the parties was for the plane to be delivered to Miami Aviation Corporation initially for the purpose of de-sealing and sealing of the wing tanks to correct a leakage problem. Prior to delivery, however, it was decided to also have Miami Aviation Corporation perform the required annual inspection of the entire aircraft during the six-week down time required for the tank repair. Therefore, two separate and distinct acts were to be performed during the same period of time.
The annual inspection of the wings consisted of a visual inspection. No repairs were required and nothing whatsoever was physically done thereto as a result of the inspection. The only item repaired in the wing area was the wing tanks. To hold that the mere visual inspection of the wings would render them a work product so as to exclude coverage for damages caused by defective repair of the gas tanks would lead to an unconscionable result. Therefore, we hold that under the undisputed facts herein the entire aircraft is not the work product to which exclusions “k” and “m” apply. These exclusions apply only to the gas tanks and, under the rationale of Shelby Mutual Insurance Co. v. Ferber Sheet Metal Works, Inc., Fla.App.1963, 156 So.2d 748; Bowman Steel Corp. v. Lumbermens Mutual Casualty Co., 3rd Cir.1966, 364 F.2d 246; and Western Casualty & Surety Co. v. Polar Panel Co., 8th Cir.1972, 457 F.2d 957, the damages to the wings on the aircraft is not excluded from coverage under the policy issued by the appellee herein.
Based on the foregoing, the summary judgment appealed herein is hereby reversed and the cause is remanded to the trial court for futher proceedings not inconsistent herewith.
Reversed and remanded for futher proceedings.